NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0404n.06

Nos. 21-1700 / 21-2956

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| TAWANDA HALL, CURTIS LEE, CORETHA LEE, and KRISTINA GOVAN (21-1700), <br><br> Plaintiffs, <br><br> CAROLYN MILLER, AMERICAN INTERNET GROUP, LLC, ANTHONY AKANDE, and MARCUS BYERS (21-1700); ESTATE OF DELL JOHNSON (21-2956), <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ANDREW MEISNER, et al., <br><br> Defendants-Appellees. | **FILED** <br> Oct 13, 2022 <br> DEBORAH S. HUNT, Clerk <br><br> ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. The plaintiffs here assert mostly the same claims as the plaintiffs in a related appeal, which is the subject of a separate opinion. *See Hall v. Meisner*, No. 21-1700, slip op. (6th Cir. Oct. 13, 2022). Our opinion in *Hall* describes the Michigan statute and facts giving rise to this litigation. In this opinion we address the claims of certain plaintiffs—namely, Carolyn Miller, Anthony Akande, American Internet Group, LLC, Marcus Byers, and the estate of Dell Johnson. In two opinions, two district courts dismissed these claims on grounds that included res judicata and standing. We affirm.

Nos. 21-1700 / 21-2956, *Hall et al. v. Meisner et al.*

I.

We accept as true the facts alleged in the plaintiffs' complaint. *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376, 382–83 (6th Cir. 2016). Each of the plaintiffs here fell behind on his or her respective property taxes, in amounts ranging from $2,415 to $29,759. Eventually Oakland County foreclosed and took "absolute title" to each property as authorized under Michigan law. M.C.L. § 211.78k(6). Soon afterward the City of Southfield purchased each property for the minimum bid (*i.e.*, the amount of their respective tax delinquencies) with funds provided by the Southfield Non-Profit Housing Corporation. Southfield then conveyed each property to the for-profit Southfield Neighborhood Revitalization Initiative for one dollar; the Initiative later sold most of them for amounts ranging from $90,000 to $152,500 and kept the others. As a result, the former owners lost their homes and received no payment beyond satisfaction of their tax debts. All these plaintiffs later sued Oakland County, the City of Southfield, the Corporation, and the Initiative in these federal cases. The district courts granted defendants' motions to dismiss, and this appeal followed.

II.

We review de novo the district court's dismissal of the plaintiffs' claims. *Osborne v. Metro. Gov't of Nashville & Davidson Cnty.*, 935 F.3d 521, 523 (6th Cir. 2019).

A.

The plaintiffs in both this appeal and *Hall* have a surfeit of alternative claims and defendants. To begin with some defendants: we affirm the district court's dismissal of all the plaintiffs' claims against the City of Southfield, the Corporation, and the Initiative. The relevant actions of these defendants came after the County took absolute title to plaintiffs' homes. That

Nos. 21-1700 / 21-2956, *Hall et al. v. Meisner et al.*

was the action that caused the injury giving rise to this suit; what happened afterward had no effect upon their legal rights.

B.

The remaining issues in this appeal are specific to particular plaintiffs.

1.

Marcus Byers argues that he has standing to bring his claim, contrary to the holding of the district court. We reject that argument for substantially the reasons stated by the district court: Byers never held any interest in the property here, and the 2020 quitclaim deed had no interest to convey.

2.

The remaining four plaintiffs have already sued Oakland County about these transactions in either state or federal court. After examining the circumstances of these prior suits, the district courts properly ruled that those claims are barred by res judicata. A "federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The plaintiffs have already sued and lost on claims arising from the very same occurrence that they seek to relitigate here. And, as the district court correctly explained, they simply have not provided us with any lawful basis, under Michigan law, to allow them to do so.

3.

Dell Johnson's history of prior litigation demands the same result. After a state court entered judgment vesting title to his property in the Oakland County Treasurer in February 2017, Johnson filed a motion to set aside the foreclosure. That court denied his motion. In July 2018, he brought suit in federal court, challenging the same foreclosure and asserting claims against

Nos. 21-1700 / 21-2956, *Hall et al. v. Meisner et al.*

Oakland County and various other defendants. In January 2019, the District Court for the Eastern District of Michigan granted the defendants' motions to dismiss and entered a final judgment in their favor. For substantially the reasons stated by the district court, Johnson is barred by res judicata from challenging that same foreclosure yet again.

\*   \*   \*

We affirm the district courts' judgments as to plaintiffs Marcus Byers, Carolyn Miller, Anthony Akande, American Internet Group, LLC, and the estate of Dell Johnson.